UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE GHAZAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CV-0579-CVE-JFJ ) |
| KENNETH WHINERY, EDDIE JACK MILES, and MILES CONSTRUCTION, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Now before the Court is Defendants Eddie Jack Miles and Miles Construction, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support (Dkt. # 10). Defendants Miles Construction, LLC (Miles Construction) and Eddie Jack Miles seek dismissal of all the claims asserted against them by plaintiff Jacqueline Ghazal for failure to state a claim upon which relief can be granted. Dkt. # 10. Plaintiff concedes that certain claims should be dismissed, but she argues she has stated plausible claims for home repair fraud, breach of contract, and civil conspiracy.

I.

In October 2019, plaintiff applied for housing assistance from the Osage Housing Assistance Program (the Program) to repair her heating and cooling unit. Dkt. # 6, at 2. Kenneth Whinery was an assistance officer for the Program, and he was assigned to plaintiff's claim for housing benefits. Id. Plaintiff alleges that Whinery continuously sexually harassed her in person and by text message, and plaintiff also believes that Whinery was spying on her while she was in her home. Id. at 3-4.

Plaintiff made a second request for housing assistance to have siding replaced on her home, and plaintiff was afraid that her housing assistance would be cut off if she complained about Whinery's conduct. Id. at 5.

Whinery hired Miles Construction to perform the work for the siding project, and Miles Construction's contract with the Program called for HardieBacker cement siding to be used on plaintiff's home. Id. Plaintiff claims that Miles Construction was using a different type of siding that falls apart when it gets wet, and plaintiff asked Miles, the owner of Miles Construction, about the siding being used. Id. at 5-6. Miles allegedly yelled at plaintiff for "daring to question how he was doing his job," and she claims that Miles left the job site and returned with inferior siding. Id. at 6. Plaintiff made a complaint to Whinery and his supervisor about the siding being used on her home, and the supervisor assured plaintiff that Whinery could handle this issue without supervision. Id. Whinery told plaintiff that the Program had previously fined Miles Construction for cutting corners, and she claims that Whinery took no action to prevent Miles Construction from putting the wrong siding on her house. Id. Plaintiff alleges that Miles Construction used "inferior, discolored, and moldy" siding to complete the work on her home, and her subsequent applications for housing assistance were placed further down the list because she refused Whinery's sexual advances. Id.

On October 29, 2019, plaintiff filed this case asserting five claims for relief against Whinery, Miles, and Miles Construction. Dkt. # 2. On November 20, 2019, plaintiff filed an amended complaint adding a sixth claim. Plaintiff alleges claims under the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA) (first claim) and intentional infliction of emotional distress (third claim) against Whinery and Miles, and she alleges a claim of civil conspiracy (sixth claim) against Whinery, Miles, and Miles Construction. Plaintiff alleges a claim of sexual battery (second claim) against Whinery.

Plaintiff also alleges a claim under the Oklahoma Home Repair Fraud Act, OKLA. STAT. tit. 15, § 765.1 (fourth claim) and a breach of contract claim (fifth claim) against Miles and Miles Construction.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Miles and Miles Construction seek the dismissal of each of the claims asserted against them under Rule 12(b)(6). Dkt. # 10. Plaintiff does not contest the dismissal of the first and third claims for relief as to these defendants, but she responds that she has alleged plausible claims related to the poor quality of the materials and workmanship used to replace the siding on her home. Dkt. # 15, at 2. Based on plaintiff's concession, her claim under the Fair Housing Act (first claim) and her claim of intentional infliction of emotional distress (third claim) are dismissed as to Miles.

### A.

Defendants argue that plaintiff cannot recover under the Oklahoma Home Repair Fraud Act, because she was not a party to the consumer transaction for home repair. Dkt. # 10, at 5. Plaintiff responds that she was the party who was actually harmed by defendants' conduct and, even she did not pay for the repair, she is the party who incurred damages from defendants' use of moldy and inferior siding on her home. Dkt. # 15, at 5.

A violation of the Home Repair Fraud Act is considered an unlawful business practice under the Oklahoma Consumer Protection Act. OKLA. STAT. tit. 15, § 765.1 (OCPA). The Home Repair Fraud Act defines "home repair" as the "fixing, replacing, altering, converting, modernizing, improving of or the making of an addition to any real property primarily designed or used as a residence," and this includes the "construction, installation, replacement or improvement of . . . siding . . . ." OKLA. STAT. tit. 15, § 765.2. Plaintiff alleges that Miles Construction was hired by the Program to put new siding on her house, and this would qualify as a "home repair" under the statute. In other words, she has adequately alleged that Miles Construction and Miles engaged in an unlawful business practice under the OCPA. The Home Repair Fraud Act also requires that the

4

defendant entered a "consumer transaction for home repair and knowingly or with reason to know" that he had misrepresented a material fact of the terms of the consumer transaction, used or employed means of deception to induce the consumer to enter the transaction, or required excessive payment for the home repair. OKLA. STAT. tit. 15, § 765.3. If a plaintiff makes such allegations, this qualifies as an unlawful business practice under the OCPA. OKLA. STAT. tit. 15, § 765.1. To state a claim under the OCPA, a plaintiff must allege "(1) that the defendant engaged in an unlawful business practice; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." Horton v. Bank of America, N.A., 189 F. Supp. 3d 1286 (N.D. Okla. 2016) (citing Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000))

The Court finds that plaintiff has not adequately alleged a claim under the Home Repair Fraud Act, because she has not alleged any facts suggesting that she could have been defrauded when the contract was entered. Plaintiff argues that she has standing to proceed with a claim under the OCPA, because she suffered the injury caused by defendant's unlawful business practice, even if she did not directly pay for defendant's services. Dkt. # 15, at 5. This argument miss the point of the argument asserted by defendant. Plaintiff clearly alleges that Miles Construction was hired by the Program to place siding on plaintiff's home, and the parties to the transaction were the housing Program and Miles Construction. The fraudulent act giving rise to a claim under the Home Repair Fraud Act occurs when the contract is entered, not when it is performed, and the contract at issue was entered by Miles Construction and the Program. Plaintiff has made no allegations that Miles Construction entered the transaction with the intent to defraud the Program and, even if she could be some type of third-party beneficiary, she has merely alleged that Miles Construction may have

5

breached a contract in the manner in which the repair was performed. The Court can find no allegations that Miles Construction committed fraud at the time it entered a consumer transaction with the Program. In fact, plaintiff's allegations suggest that Miles Construction used "inferior siding" after she complained to Miles about the siding being used on her home, and this does not support an inference that Miles Construction entered the contract with fraudulent intent. Dkt. # 6, at 6. Plaintiff's claim under the Home Repair Fraud Act (fourth claim) should be dismissed for failure to state a claim under Rule 12(b)(6).

### B.

Defendants argue that plaintiff's breach of contract claim should be dismissed, because plaintiff did not enter a contract with Miles Construction for the work performed at her home. Dkt. # 10, at 8. Plaintiff responds that she is a third-party beneficiary of the contract between the Program and Miles Construction, and she is permitted to proceed with a breach of contract claim under Oklahoma law.

Under OKLA. STAT. tit. 15, § 29, "[a] contract, made expressly for the benefit of a third person, may be enforced by [her] at any time before the parties thereto rescind it." "It is not necessary that a party be specifically named as a beneficiary or third party beneficiary, but only that the contract be made 'expressly for the benefit of a third person' and 'expressly' simply means 'in an express manner; in direct or unmistakeable terms; explicitly; definitely; directly.'" Hensley v. State Farm Fire & Cas. Co., 398 P.3d 11, 19 (Okla. 2017) (quoting Keel v. Titan Constr. Corp., 639 P.2d 1228, 1231 (Okla. 1981)). A party who meets this standard has standing to enforce a contract as if she were a party to contract under Oklahoma contract law. Shebester v. Triple Crown Insurers, 826 P.2d 603, 610 (Okla. 1992).

Defendants do not contest that plaintiff could qualify as a third-party beneficiary under the contract between the Program and Miles Construction, but they argue that plaintiff did not specifically plead third-party beneficiary status in her amended complaint. Dkt. # 17, at 5. The Court agrees that allegations of the amended complaint could be clearer, but the Court finds that plaintiff adequately pleads her status as a third-party beneficiary. In her fifth claim, she phrases her allegations in terms of a contract between herself and Miles Construction. Dkt. # 6, at 10-11. However, she clearly alleges in the body of her amended complaint that "Whinery engaged [Miles Construction] to replace the siding on her house through the Osage Nation housing improvement contract." Id. at 5. She further alleges that "Whinery assured [p]laintiff that [Miles Construction] would do quality work" and the "Osage contract called for cement [HardieBacker] siding." Id. These allegations support an inference that the Program and Miles Construction entered a contract to repair plaintiff's home and that she was an intended third-party beneficiary of the contract. Although plaintiff does not use the specific term "third-party beneficiary," the nature of her breach of contract claim is sufficiently clear from the allegations of the amended complaint, and defendants were placed on notice that plaintiff is alleging that she is a third-party beneficiary of a contract between the Program and Miles Construction. Defendants' motion to dismiss is denied as to plaintiff's breach of contract claim.

### C.

Defendant argues that plaintiff's civil conspiracy claim should be dismissed, because plaintiff has not adequately alleged that defendants conspired to engage in an unlawful act. Dkt. # 10, at 9. Plaintiff responds that she had adequately alleged that defendants conspired to put inferior siding on her home. Dkt. # 15, at 6-7.

Under Oklahoma law, a civil conspiracy "consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." Brock v. Thompson, 948 P.2d 279, 294 (Okla. 1997). To state a civil conspiracy claim, a plaintiff is required to allege that two or more persons agreed to accomplish a particular objective, that they engaged in one or more overt acts, and that the plaintiff suffered damages as a proximate result of the conspiracy. Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008). The Court has reviewed the amended complaint and can find no allegations suggesting that Whinery conspired with Miles Construction or Miles to commit an unlawful act. Plaintiff claims that Whinery hired Miles Construction to put siding on her home, even though the Program had previously fined Miles Construction for cutting corners on a job. Id. at 6. She states that returned home to check on the progress of the work and complained that Miles Construction was not using the siding specified in the contract. Id. at 5. Miles allegedly yelled at her and returned with inferior siding. Id. at 6. These facts do not suggest that there was any concerted action among Whinery and Miles Construction to commit an unlawful act. Plaintiff's allegations suggest that Miles may have retaliated against her for complaining about the type of siding being used on her home, but there are no facts that would support an inference that Miles and Whinery had an agreement to perform inferior work on plaintiff's home in a manner that breached the contract between Miles Construction and the Program. Plaintiff's civil conspiracy claim (sixth claim) is dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants Eddie Jack Miles and Miles Construction, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support (Dkt. # 10) is **granted in part** and **denied in part**: the motion to

dismiss is granted as to the dismissal of plaintiff's Fair Housing Act claim (first claim) and intentional infliction of emotional distress claim (third claim) against Miles, her Home Repair Fraud Act claim (fourth claim) against Miles Construction and Miles, and her civil conspiracy claim (sixth claim) as to all defendants, but the motion to dismiss is denied as to plaintiff's breach of contract claim (fourth claim) against Miles Construction and Miles.

**IT IS FURTHER ORDERED** that defendants' answer to the amended complaint (Dkt. #6) is due no later than **June 1, 2020**.

**DATED** this 18th day of May, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE