## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JACQUELINE GHAZAL,

                   **Plaintiff,**

v.

KENNETH WHINERY,
EDDIE JACK MILES, and
MILES CONSTRUCTION, LLC,

                 **Defendants.**

**Case No. 19-cv-00579-JFH-JFJ**

## OPINION AND ORDER

This matter comes before the Court on the Application for Attorney's Fees and Brief in Support filed by Defendants Eddie Jack Miles ("Miles") and Miles Construction, LLC ("Miles Construction") [Dkt. No 22]. For the reasons set forth below, the motion is DENIED.

## I.    BACKGROUND

Plaintiff owns a house in Skiatook, Osage County, Oklahoma. Dkt. No. 24 at 1. In October 2018, Plaintiff applied for assistance through the Osage Nation Housing Assistance Program to make improvements to her house. Dkt. No. 6 at 2-3, 5; Dkt. No. 24, at 1. Defendant Miles is a construction contractor who was hired by the Osage Nation Housing Department to perform some of the work done on Plaintiff's house through the Osage Nation Housing Assistance Program. Dkt. No. 6 at 2,5; Dkt. No. 10 at 1. On October 19, 2019, Plaintiff brought this case, alleging in pertinent part, that Miles Construction was selected to perform a project replacing siding on her house, that the materials used for the project were "inferior [in quality], discolored, and moldy," that Miles yelled at her attempting to intimidate her so that she would accept the use of substandard materials for the siding project, and that Miles would have treated her differently if she were a man. *Id*. at 7.

Based on this alleged conduct, Plaintiff advanced the following causes of action against Miles and Miles Construction:  (1) discrimination based on sex, in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-19, 3631 (2018), as to Miles; (2) intentional infliction of emotional distress as to Miles; (3) violations of the Oklahoma Home Repair Fraud Act, Okla. Stat. tit. 15, §§ 765.1-.3 (1997), as to Miles and Miles Construction; (4) breach of contract as to Miles and Miles Construction; and (5) civil conspiracy as to Miles and Miles Construction.  Dkt. No. 6 at 6-12.

Miles and Miles Construction moved to dismiss Plaintiff's claims for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 10.  The Court granted the motion in part and denied the motion in part, dismissing the Fair Housing Act and intentional infliction of emotional distress claims against Miles, the Oklahoma Home Repair Fraud Act claims against Miles and Miles Construction, and the civil conspiracy claims against Miles and Miles Construction.  Dkt. No. 19 at 8-9.  The Court denied the motion as to the breach of contract claim against Miles and Miles Construction.  *Id.*  Miles and Miles Construction now seek to recover attorney's fees incurred in defending against the Federal Housing Act and Oklahoma Home Repair Fraud Act claims.  Dkt. No. 22.

## II.    ANALYSIS

### A.    Fees Under § 3613(c)(2) of the Federal Housing Act

Under 42 U.S.C. § 3613(c)(2) (2018) of the Federal Housing Act, the Court may, in its discretion, grant attorney's fees and costs to the prevailing party in a Federal Housing Act discrimination case.  Although fees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief, they are not routinely awarded to prevailing defendants "unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment*

*Opportunity Comm'n*, 434 U.S. 412, 422 (1978)).  Awarding fees to prevailing defendants under such circumstances "protect[s] defendants from burdensome litigation having no legal or factual basis." *Id.* at 420.  However, the standard for awarding attorney's fees to a defendant "is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."  *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004).

Miles argues that he is entitled to fees incurred in defending against the Federal Housing Act claim because he is a prevailing party, since the claim was dismissed on a Rule 12(b)(6) motion and because the claim was "absolutely frivolous, unreasonable and groundless."  Dkt. No. 22 at 4. Plaintiff does not dispute that Miles is the prevailing party with respect to the Federal Housing Act claim against him.  Dkt. No. 24.  In support of his assertion that the claim was frivolous, Miles argues that Plaintiff did not explain how, by yelling at her, Miles discriminated against her on the basis of sex in violation of the Federal Housing Act and Plaintiff did not contest the dismissal of the Federal Housing Act claim in response to the Rule 12(b)(6) motion.  Dkt. No. 22 at 3-4.

Plaintiff's Amended Complaint includes allegations that Miles yelled at her in an attempt to intimidate her into accepting the use of substandard materials for the siding project Miles Construction was performing on her house and that he would not have done so if she were a man. Dkt. No. 6 at 6-7.  Plaintiff also asserts that she did not contest to the dismissal of the Federal Housing Act claim because a video on which she intended to rely for support her Federal Housing Act claim against Miles, when obtained, was not as supportive of the claim as she anticipated. Dkt. No. 25 at 2-3.  According to Plaintiff, she made a strategic decision to pursue the breach of contract claim instead, because she believed it to be the stronger claim.  *Id.*

3

Despite the difficulty Plaintiff might have faced in proving her claim, the Court does not conclude that the claim was entirely "frivolous, unreasonable, or groundless," or that Plaintiff "continued to litigate it after it clearly became so." *Christiansburg*, 434 U.S. at 422. Therefore, the Court, in its discretion, declines to award attorney's fees under § 3613(c)(2).

## B. Fees Under Section 761.1(A) of the Oklahoma Home Repair Fraud Act

Violations of the Oklahoma Home Repair Fraud Act ("OHRFA"), Okla. Stat. tit. 15, §§ 765.1-.3 (1997), constitute unlawful business practices and are subject to the provisions of the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15 §§ 751-64.1 (2017). 15 O.S. § 765.1. Section 761.1 of the OCPA provides that after an adjudication on the merits of a claim, the Court shall "determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." 15 O.S. § 761.1. If the Court makes an affirmative finding, it shall order the nonprevailing party to reimburse the prevailing party its reasonable costs, including attorney's fees, incurred with respect to such claim or defense. *Id.*

In bringing her claim under the OHRFA, Plaintiff alleged that Miles and Miles Construction promised to use "high quality hardy-backer cement siding" on her house, but ultimately used inferior siding that was not what the contract specified. In dismissing Plaintiff's OHRFA claim, the Court noted that Plaintiff failed to allege facts sufficient to support an inference that Miles Construction entered the contract with fraudulent intent. Dkt. No. 19 at 6.

Miles and Miles Construction surmise that the fact that Plaintiff's OHRFA claim "as pled, could not survive a Rule 12(b)(6) motion is a testament to its frivolous nature." Dkt. No. 22 at. 5. The Court is not persuaded. While the Court ultimately found defects in the claim as pled, such a

finding does mean that the claim was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law. *See Robinson v. C.R. Laurence Co.*, 105 F.R.D. 567, 568 (D. Colo. 1985) (finding that while the plaintiff's claim for conversion was ultimately found to be without merit and dismissed pursuant to Rule 12(b)(6), the defendant had not demonstrated that the claim was "frivolous when filed" or "so meritless as to give rise to an award of fees."). "A defendant is not entitled to attorney fees as an automatic consequence of success on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." *Id.* And here, the Court will not award attorney's fees under Section § 761.1 simply because Plaintiff's OHRFA claim did not survive Rule 12(b)(6) scrutiny.

### C. Fees Against Plaintiff's Counsel Under 28 U.S.C. § 1927

"Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (internal quotation marks and citation omitted). "They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Id.* (alteration in original) (internal quotation marks and citation omitted).

Here, Miles and Miles Construction seek a fee award against Plaintiff's counsel for the fees incurred in defending Plaintiff's Fair Housing Act and Oklahoma Home Repair Fraud Act as an alternative to the fee awards sought against Plaintiff. Dkt. No. 22 at 4, 5. Miles and Miles Construction assert in a conclusory fashion that Plaintiff's counsel acted "unreasonably and vexatiously" in bringing Plaintiff's claims. However, because Miles and Miles Construction have

not demonstrated that counsel's conduct rises to the level of reckless indifference for the law, misleading the Court, or intentionally acting without a plausible basis or that the entire course of the proceedings was unwarranted, the Court does not find a basis to impose sanctions under § 1927 in this case.  *See Steinert*, 440 F.3d at 1221.

**IT IS THEREFORE ORDERED** that the Application for Attorney's Fees of Defendants Eddie Jack Miles and Miles Construction, LLC [Dkt. No. 22] is **DENIED**.

Dated this 25th day of August, 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE