IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JACQUELINE GHAZAL,

        Plaintiff,

v.

KENNETH WHINERY,
EDDIE JACK MILES, and
MILES CONSTRUCTION, LLC,

        Defendants.

Case No. 19-cv-00579-JFH-JFJ

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Eddie Jack Miles ("Miles") and Miles Construction, LLC ("Miles Construction") (collectively, the "Miles Defendants") [Dkt. No. 21]. For the reasons set forth below, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiff owns a house in Skiatook, Osage County, Oklahoma. Dkt. No. 24 at 1. In October 2018, Plaintiff applied for assistance through the Osage Nation Housing Assistance Program to make improvements to her house. Dkt. No. 6 at 2-3, 5; Dkt. No. 24, at 1. Defendant Kenneth Whinery ("Whinery") was the assistance officer assigned to Plaintiff's claim. Dkt. No. 6 at 2. Miles is a construction contractor who was hired by the Osage Nation Housing Department to perform some of the work done on Plaintiff's house through the Osage Nation Housing Assistance Program. Dkt. No. 6 at 2,5; Dkt. No. 10 at 1.

On October 19, 2019, Plaintiff brought this case against Whinery and the Miles Defendants, pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331.[1] Dkt. No. 1. As to Whinery, Plaintiff alleges that while he was assigned as the assistance officer overseeing her claim for benefits through the Osage Nation Housing Assistance Program, he made continual unwanted sexual advances toward her and delayed and/or denied her benefits when she refused his advances. Dkt. No. 6 at 2-5, 6-7. Plaintiff alleges that Miles Construction was selected to perform a project replacing siding on her house, that the materials used for the project were "inferior [in quality], discolored, and moldy," that Miles yelled at her attempting intimidate her so that she would accept the use of substandard materials for the siding project. *Id*. at 5-7, 10. Plaintiff asserts that Whinery and Miles would have treated her differently if she were a man. *Id*. at 6-7.

Based on this alleged conduct, Plaintiff advanced the following causes of action: (1) discrimination based on sex in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-19, 3631 (2018) as to Whinery and Miles; (2) sexual battery as to Whinery; (3) intentional infliction of emotional distress as to Whinery and ; (4) violations of the Oklahoma Home Repair Fraud Act, Okla. Stat. tit. 15, §§ 765.1-.3 as to the Miles Defendants; (5) breach of contract as to the Miles Defendants; and (6) civil conspiracy as to Whinery and the Miles Defendant. Dkt. No. 6 at 6-12.

The Miles Defendants moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. The Court granted the motion in part and denied the motion in part, dismissing the Fair Housing Act and intentional infliction of emotional distress claims as to Miles, the Oklahoma Home Repair Fraud Act claims as to the Miles Defendants, and the civil conspiracy claims as to Whinery and the Miles Defendants. Dkt. No. 19 at 8-9. Remaining after the Court's Opinion and Order are the Fair Housing Act, sexual battery, and intentional infliction

---

[1] Plaintiff does not allege that the parties are diverse. *See* 28 U.S.C. § 1332.

of emotional distress claims against Whinery and the state law breach of contract claim against the Miles Defendants.

The Miles Defendants now seek dismissal of the breach of contract claim under Federal Rule of Civil Procedure 12(b)(1), challenging the Court's subject matter jurisdiction over them. Dkt. No. 21.

## II.   STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations whereas a factual attack challenges the facts upon which subject matter jurisdiction depends. *Id.* When the Court's subject matter jurisdiction is challenged Under Rule 12(b)(1) "the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999); *see Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) ("Plaintiff bears the burden to establish that jurisdiction is proper and thus bears the burden to show why the Court should not dismiss the case for lack of subject matter jurisdiction.").

## III.   ANALYSIS

The Miles Defendants argue that the Court lacks subject matter jurisdiction over the remaining breach of contact claim since the only federal claim over which the Court had original jurisdiction (the Federal Housing Act claim) has been dismissed. Dkt. No. 21 at 2.

Where, as here, the Court has original jurisdiction over some of Plaintiff's civil claims, the Court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the *same case or controversy* under

Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). "A claim is part of the same case or controversy if it derive[s] from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (alteration in original); *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact." (internal citation omitted)). "District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004); *see* 28 U.S.C. § 1367(a).

In the present case, the only remaining federal claim over which the Court has original jurisdiction is the Federal Housing Act claim against Winery. The operative facts are set forth in the Amended Complaint. Dkt. No. 6 at 2-7. Plaintiff alleges that Whinery made numerous lewd and unwanted overtures toward her, subjected her to unwanted sexually suggestive messages and unwanted sexual conduct, used his position with the Osage Nation Housing Assistance Program to attempt to influence her into having an affair with him, retaliated against her by denying or delaying assistance when she refused his advances, and would not have engaged in the such conduct toward her if she were a man. Dkt. No. 6 at 6-7. With regard to Plaintiff's breach of contract claim against the Miles Defendants, Plaintiff alleges that they contracted to use "high quality hardy-backer cement siding" to make repair on her house; but ultimately used inferior siding that was not what the contract specified.. Dkt. No. 6 at 5-6.

Based on the allegations of the Amended Complaint, it is clear that Plaintiff's Federal Housing Act claim against Whinery and her breach of contract claims against the Miles Defendants

4

do not derive from a common nucleus of operative fact, but instead, arise from two distinct factual circumstances. The first circumstance, that surrounding the Federal Housing Act claim, is limited to Plaintiff's personal interactions with Whinery. Dkt. No. 6 at 6-7. The second factual circumstance, that from which the breach of contract claim arise, is limited to the work performed replacing siding on Plaintiff's house and Plaintiff's interaction with Miles. *Id*. at 10-11. Although Plaintiff appears to argue that the Federal Housing Act claim against Whinery shares a common nucleus of operative fact with the breach of contract claim against the Miles Defendants, she does not articulate any basis for this position. Dkt. No. 24 at 3. Notably, Plaintiff does not assert that the claims are linked by an overlapping course of conduct or of close temporal connection. *Id*. Accordingly, the Court concludes that it does not have supplemental jurisdiction over the breach of contract claims.

However, even if supplemental jurisdiction existed in this case, the Court would decline to exercise it. As recognized by the Supreme Court, the "statute confirms the discretionary nature of supplemental jurisdiction." *Int'l Coll. of Surgeons*, 522 U.S. at 173. Section 1367(c) "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Id.* (internal quotation marks and citation omitted).

As discussed above, the factual question of whether Whinery discriminated against Plaintiff on the basis of sex in violation of the Fair Housing Act is distinct from the question of whether the Miles Defendants breached a contract relative to the siding project for her house. Therefore, the Court's assumption of supplemental jurisdiction over the breach of contract claim, which implicate questions of state law, would not further the values of judicial economy or convenience. First, the Court notes that because the Federal Housing Act claim against Whinery

and the breach of contract claims against the Miles Defendants would require different evidence and likely different witnesses, trial of the claims together would only complicate the proceedings. *See Jones v. Addictive Behavioral Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1264 (D. Kan. 2019). The Court also notes that discovery in this matter has not closed and therefore the parties are not so far into pretrial proceedings that declining supplemental jurisdiction over the breach of contract claims would be unduly prejudicial. *See id.*

Plaintiff suggests that the instant motion should be denied because the Miles Defendants did not object to subject matter jurisdiction or supplemental jurisdiction in their first motion to dismiss. The Court disagrees. Perhaps the Miles Defendants could have anticipated that the Court would dismiss the Federal Housing Act claim and argued for dismissal of any remaining state law claims in briefing their first dispositive motion. However, their failure to do so is not grounds to deny the instant motion. As the Miles Defendants point out, an "objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted); *see* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12 (h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Further, the Court is within its discretion to sua sponte decline to exercise supplemental jurisdiction. *See Ames v. Miller*, 247 Fed. Appx. 131, 133-35 (10th Cir. 2007) (unpublished) (affirming the court's sua sponte decisions to dismiss and decline supplemental jurisdiction over state law claims).

Finally, to the extent Plaintiff argues that the Miles Defendants failed to follow the Court's directive by filing this motion pursuant to Rule 12(1) in lieu of an answer (Dkt. No. 24 at 2), this argument is also unavailing. The Court's Opinion and Order granting in part and denying in part

6

the Miles Defendants' motion to dismiss for failure to state a claim included decretal language stating that "[D]efendants' answer to the amended complaint (Dkt. #6) is due no later than June 1, 2020." Dkt. No. 19 at 9. Plaintiff appears to read this language as requiring the Miles Defendants to file an answer to the breach of contract claims and to foreclose the option of filing a motion under Rule 12(b)(1). Dkt. No. 24 at 2. This reading goes beyond the Opinion and Order's directive and intent.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Eddie Jack Miles and Miles Construction, LLC [Dkt. No. 21] is **GRANTED** and Plaintiff's remaining breach of contract claim against Defendants Eddie Jack Miles and Miles Construction, LLC is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Defendant Eddie Jack Miles' Motion to Stay Scheduling Deadlines [Dkt. No. 32] and Plaintiff's Motion for Default Judgment or Alternatively Motion to Compel Answer and Extend Scheduling Order [Dkt. No. 33] are **DENIED** as moot.

Dated this 25th day of August, 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE